UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CALVIN WOODARD,
*Defendant-Appellant.*

No. 01-4125

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-00-299-MJG)

Submitted: December 28, 2001

Decided: January 22, 2002

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Arthur Robbins, G. ARTHUR ROBBINS, L.L.C., Annapolis, Maryland, for Appellant. Thomas M. Dibiagio, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Calvin Woodard appeals his conviction by a jury of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and the ten-year sentence he received. Woodard alleges that the district court abused its discretion in denying his pro se motion for a new trial on the grounds of ineffective assistance of counsel, and contests the district court's application at sentencing of an enhanced base offense level due to his prior conviction for a crime of violence and a further enhancement for use of the firearm in connection with another felony —an assault on his girlfriend. *See U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A), (b)(5) (2000). Woodard further contends that the district court clearly erred in making an adjustment for obstruction of justice. USSG § 3C1.1. We affirm the district court's denial of a new trial and we affirm the sentence. We grant Woodard's request to file a pro se supplemental brief and reply brief, and for leave to file supplemental authority. We deny his pro se motion to remand the case and deny as moot his motion for a ruling on his prior motions.

Woodard, a convicted felon, was arrested after his girlfriend placed a 911 call from his parents' house claiming that he had hit her with a gun. As he drove up in response to the 911 call, the arresting officer saw Woodard apparently placing something in the girlfriend's car. A firearm was later found in the car. A former girlfriend testified that she had bought the gun for Woodard and that he attempted to persuade her to give false information to the police during the investigation.

Following his conviction, Woodard filed a pro se motion for new trial alleging ineffective assistance of counsel. While claims of ineffective assistance of counsel may not be raised on direct appeal unless the record conclusively demonstrates that counsel's representation was ineffective, *see United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997), ineffective assistance claims asserted in a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and ruled on by the district court may be asserted on appeal. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000). However, a motion for new trial based on any ground other than newly discovered evidence

must be made within seven days of the verdict. Fed. R. Crim. P. 33. Woodard's motion for new trial was filed more than seven days after the verdict. In this circumstance, a defendant alleging ineffective assistance may raise the issue on appeal only if the record conclusively demonstrates ineffectiveness. *Id.* at n.5. Our review of the materials submitted on appeal does not conclusively establish that either of Woodard's two attorney's rendered ineffective assistance. Moreover, the record reveals that Woodard's claims of error concerning his sentence are without substance.

We therefore affirm the conviction and sentence. We affirm the district court's denial of a new trial and we affirm the sentence. We grant Woodard's request to file a pro se supplemental brief and reply brief, and for leave to file supplemental authority. We deny his pro se motion to remand the case and deny as moot his motion for a ruling on his prior motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*